[Civ. No. 15561. First Dist., Div. Two. Dec. 17, 1953.]

E. L. ARMOUR, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

[Civ. No. 15562. First Dist., Div. Two. Dec. 17, 1953.]

FRANK TURNER, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Vincent Hallinan and Doris Brinn Walker for Appellants.

Doyle & Clecak and G. D. Schilling for Respondents.

NOURSE, P. J.—By stipulation of the parties the above causes are consolidated for hearing and by stipulation are submitted for decision without oral argument. The two appeals are based upon the same grounds—that the trial court abused its discretion in denying appellants relief from their default in failing to file amended complaints within the statu-

tory time, in sustaining defendants' demurrers to the second amended complaints and in dismissing the actions.

The complaints were based upon charges of malicious prosecution arising out of contempt proceedings in relation to other litigation then pending. These proceedings were dismissed on the grounds that the affidavit charging contempt was insufficient and that the alleged contemnor had not been given proper notice of the order on which the contempt was based.

The original complaints were filed on May 1, 1950. Demurrers were sustained on March 19, 1951, and amended complaints were filed on April 26, 1951. Demurrers to these amended complaints were sustained on June 19, 1951, with leave to amend. Notice was duly waived. More than six months thereafter—on January 25, 1952, the plaintiffs filed their second amended complaints. On February 28, 1952, the defendants moved to strike these pleadings from the file and to dismiss the action. Both motions were granted.

During the hearing of these motions, Richard M. Siegel, attorney associated with Vincent Hallinan as attorneys for plaintiffs herein, filed an affidavit stating that, following the order sustaining the demurrers, he and Hallinan were involved as defendants in criminal proceedings then pending in the United States federal court and that during that time he obtained by telephone an oral agreement with counsel for defendants that the time for filing amendments to their complaints "would be kept open." He also averred that he had not informed his associate Hallinan of this agreement until about six months later. These averments were specifically denied by counsel for defendants, and the trial court found them to be untrue. These facts were all before the trial court on the hearing of appellants' motions to vacate their defaults and the finding of the trial court that they did not excuse their defaults is fully supported by substantial evidence. The trial court found that no oral extension had been made. There is no basis upon which this court could reverse that finding.

Other questions argued, such as the claimed error in the sustaining of the demurrer, are inconsequential because the order dismissing the action effectively terminated the proceedings.

Orders affirmed.

Dooling, J., concurred.